Matter of Atlas (2023 NY Slip Op 05602)

Matter of Atlas

2023 NY Slip Op 05602

Decided on November 8, 2023

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.

2022-05289

[*1]In the Matter of Jan Douglas Atlas, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Jan Douglas Atlas, respondent. (Attorney Registration No. 1782549)

The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 17, 1970. By order to show cause dated November 14, 2022, the respondent was directed to show cause why a final order of suspension, censure, or disbarment should not be made based upon his conviction of a serious crime. By the same order, the respondent was suspended immediately from the practice of law pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii) as a result of his conviction of a serious crime.

Catherine A. Sheridan, Hauppauge, NY (Stacey J. Sharpelletti of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On September 17, 2019, the United States Attorney for the Southern District of Florida filed an information in the United States District Court for the Southern District of Florida, charging the respondent with a sole count of securities fraud in violation of 15 USC § 77q(a) and 77x, a felony. On October 23, 2019, the respondent entered into a plea agreement whereby he entered a plea of guilty to the information as charged. On October 29, 2019, after a hearing on the plea and the plea agreement, the United States District Court for the Southern District of Florida accepted the respondent's plea of guilty. According to the plea agreement, the respondent's underlying criminal act consisted of issuing opinion letters in Florida, which he knew contained false information, to allow a company to continue issuing loans without following government guidelines.
From 2014 through 2018, the respondent was a partner at law firm #1 and acted as outside counsel for 1 Global Capital (hereinafter 1GC). 1GC operated as a lender to merchants, providing short-term loans referred to as merchant cash advance loans. The respondent learned that 1GC obtained funds from potential investors, also referred to as "lenders" or "syndicate partners." Investors, investment advisors, and regulators began to question whether 1GC was offering or selling a security without registering the investment offering with the United States Securities and Exchange Commission in violation of federal and state securities laws. The respondent knew that if 1GC's investment offering was considered a security it would undermine 1GC's ability to raise funds from retail investors and continue operations without substantial additional expenses and reporting requirements. Complying with securities laws would also limit the profit of 1GC executives and the [*2]respondent. The Chairman of 1GC (hereinafter Chairman), to whom the respondent reported, "made clear" to the respondent that he wanted "legal cover," even if false, in order to continue operating 1GC without complying with the registration requirements of the federal and state securities laws.
In late 2015 and early 2016, at the request of the Chairman, the respondent arranged for another attorney, who had expertise in securities law, to assess the 1GC investment offering. This attorney determined that the 1GC investment offering was a security and that its offer and sale without registration was in violation of federal and state laws. The Chairman rejected this attorney's assessment and requested that the respondent draft an opinion letter indicating that the 1GC offering was not a security and not subject to the securities law or its registration requirements. The respondent issued an opinion letter dated May 17, 2016, containing false information concerning the nature of 1GC's investment offering in an effort to give 1GC and its employees and agents legal cover to avoid application of the federal and state securities laws.
The respondent became aware of two opinion letters dated June 20, 2016, and July 6, 2016, authored by another law firm unrelated to the respondent that were provided to 1GC. The June 2016 letter stated, inter alia, that 1GC's investment offering was a security and that the interest rate charged by 1GC likely violated Florida's usury laws. The July 2016 letter provided guidance on how 1GC could comply with the federal securities law, which would include, among other things, a six-month cessation of capital raising activities and thereafter, only offering the investment to "accredited" investors, as opposed to retail investors. The respondent admitted that he knew that the Chairman had no intention of following the legal advice contained in the June and July 2016 opinion letters.
Thereafter, the respondent authored a second opinion letter dated August 25, 2016, which repeated the false and misleading statements made in his May 17, 2016 opinion letter. The respondent admitted that he knew that this letter would be used by 1GC and its employees and agents to continue to raise money "illegally" and to address concerns raised by investors.
At or around the time that the respondent drafted the two false opinion letters, and thereafter, he received payments totaling approximately $627,000, which the respondent understood to constitute a percentage of the commissions received from the money raised by 1GC from new investors. The approximate $627,000 in payments were made to the respondent's personal account and were not disclosed to law firm #1.
As part of his plea agreement, the respondent agreed to resign from the Florida Bar and any other state bar of which he was a member. The respondent submitted a letter to the Grievance Committee for the Tenth Judicial District expressing his wish to resign from the New York bar. The application was not in the proper form however.
By notice of motion and affirmation, both dated August 12, 2020, the Grievance Committee moved pursuant to Judiciary Law § 90(4)(f) and 22 NYCRR 1240.12(c)(2)(ii) to strike the respondent's name from the roll of attorneys, based upon his federal conviction of securities fraud in violation of 15 USC § 77q(a) and 77x. By order to show cause dated November 14, 2022, this Court deemed the crime of which the respondent was convicted a "serious crime," suspended the respondent immediately from the practice of law, and directed the respondent to show cause why a final order of suspension, censure, or disbarment should not be made based upon his conviction of a serious crime. On November 18, 2022, as directed by the order to show cause, the Grievance Committee served the respondent with a copy of the order to show cause pursuant to CPLR 2103(c). The respondent indicated that he would not have time to respond to the order to show cause, and, although the respondent was advised that he could request an extension of time to respond, he ultimately failed to file a response to the order to show cause or to request an extension of time to do so.
In view of the respondent's serious misconduct, which resulted in his conviction of a serious crime, his failure to respond to the order to show cause, and the condition of the plea agreement, requiring him to resign from all state bars of which he was a member, we conclude that disbarment is warranted.
LASALLE, P.J., DILLON, DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ORDERED that pursuant to Judiciary Law § 90(4)(a), the respondent, Jan Douglas Atlas, a suspended attorney, is disbarred, effective immediately, and his name is now stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Jan Douglas Atlas, shall continue to comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jan Douglas Atlas, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Jan Douglas Atlas, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Acting Clerk of the Court